UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**LEMUEL SMITH,**

                           *Plaintiff*,

                       -against-

**COMMISSIONER ANNUCCI, et al.,**

                           *Defendants*.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PRETRIAL SUBMISSIONS**

**18-CV-6261**

---

<u>Plaintiff May Not Call Witnesses Not Previously Disclosed</u>

Plaintiff's pretrial submissions lists four potential non-party witnesses;

1) DOCCS Assistant Commissioner Bryan Hilton (Albany, NY)
2) DOCCS Deputy Superintendent of Security John C. Colvin (Albany, NY)
3) DOCCS Deputy Superintendent of Security J. Rocker (Albany, NY)
4) DOCCS Captain R. Shields (Albany, NY)

These witnesses should be precluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure, as they were never disclosed in discovery.

As a threshold matter, the disclosure fails to abide by the Court's Pretrial Order, which requires, *inter alia*, witness' full names, addresses, and a brief statement of the subject matter they would be expected to testify to. Plaintiff's pretrial submission does not provide full names for two of the witnesses or correct addresses for three of them. While they are identified as residing (or working) in Albany, the two Deputy Superintendents and Captain Shields, judging by their title, work(ed) at correctional facilities, not DOCCS headquarters in Albany. As there are no prisons in Albany, the address provided appears to be incorrect. It also does not indicate if they are currently employed by DOCCS or retired, and if retired, where they currently reside.

While these issues could likely be resolved in advance of trial, the lack of prior

disclosure requires preclusion. In determining whether preclusion of undisclosed

witnesses is appropriate, the Court should consider:

(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (alteration in original) (quoting Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997)); accord Irish v. Tropical Emerald LLC, 2021 U.S. Dist. LEXIS 87946, *4 (E.D.N.Y. May 6, 2021); Harrison v. Incorporated Village of Freeport, No. 16-CV-2442, 498 F. Supp. 3d 378, 2020 U.S. Dist. LEXIS 203087, 2020 WL 6382637, at *5-6 (E.D.N.Y. Oct. 30, 2020).

In this case, all four factors militate in favor of preclusion. Regarding the first two

factors, Plaintiff's pretrial submission provides no explanation for why these witnesses

were not disclosed during discovery, or what they would be expected to testify to, much

less why their testimony is important. This obviously causes significant prejudice to

Defendants, who have no way of preparing for their testimony. Defendants have no idea

if they would be called to testify generally as to ad seg conditions, specific ad seg

conditions for Plaintiff, general ad seg procedures, ad seg procedures specifically

pertaining to Plaintiff, their personal interactions with Plaintiff or Defendants, their

involvement with recommendations as to Plaintiff's continued ad seg status, their

assessment of Plaintiff's physical or mental health, their assessment of his level of

dangerousness, some combination of all these, or something else entirely. Defendants

would also be walking into trial without the benefit of prior deposition testimony or the

ability to obtain documents to rebut or impeach harmful testimony. Thus, the third factor

militates in favor of preclusion.  Finally, given that trial is a month away, a continuance is

not a reasonable possibility. Plaintiff's proposed non-party witnesses should be precluded.

<u>Objections to Plaintiff's Proposed Jury Instructions</u>

Plaintiff's proposed jury instructions, in contravention to the Court's pretrial order, do not contain any citation to a source or legal authority. While Defendants suspect the language was taken from a different matter, given the repeated reference to "Mr. Proctor's reviews", the submission does not state, as required by the pretrial order, whether the instructions have been altered in any way.

To be clear, Defendants have no opposition to the Court utilizing the same jury instructions that other courts have used in similar cases. To that end, attached as **exhibit 1** to this submission is the full set of jury instructions in <u>H'Shaka v. O'Gorman</u>, 17-CV-0108 (N.D.N.Y.). Defendants have no objection to the Court using the same instructions on the substantive issues of law that the <u>H'Shaka</u> court used.


Dated:     January 26, 2024
           Rochester, NY


                        LETITIA JAMES
                        Attorney General of the State of New York
                        Attorney for Defendants

                         s/ Hillel Deutsch
                        HILLEL DEUTSCH
                        Assistant Attorney General of Counsel
                        NYS Office of the Attorney General
                        144 Exchange Boulevard, Suite 200
                        Rochester, New York 14614
                        Telephone: (585) 546-7430
                        hillel.deutsch@ag.ny.gov

**CERTIFICATE OF SERVICE**

I certify that on January 26, 2024, I electronically filed the foregoing Defendant's Pretrial Submission on behalf of Defendants with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1.  Steven Jay Hyman
    McLaughlin & Stern, LLP
    260 Madison Avenue
    18th Floor
    New York, NY 10016

2.  Jonathan Robert Jeremias
    McLaughlin & Stern, LLP
    260 Madison Avenue
    18th Floor
    New York, NY 10016

And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1.  n/a

LETITIA JAMES
Attorney General of the State of New York
Attorney for Served Defendants

 s/ Hillel Deutsch
HILLEL DEUTSCH
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
hillel.deutsch@ag.ny.gov

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IMHOTEP H'SHAKA,

                      Plaintiff,

                                          9:17-CV-0108
v.                                          (GTS/ATB)

JAMES O'GORMAN, Acting Deputy
Commissioner for Correctional Facilities,
Department of Corrections and Community
Supervision; JOSEPH PORCELLI, Offender
Rehabilitation Coordinator, Clinton
Correctional Facility; KEVIN RANDALL,
Sergeant, Clinton Correctional Facility;
DAVID LUCIA, Acting Deputy Superintendent
of Security, Clinton Correctional Facility;
JUSTIN DELISLE, Sergeant, Clinton
Correctional Facility; and JOSEPH
BELLNIER, Former Deputy Commissioner for
Correctional Facilities, Department of
Corrections and Community Supervision,

                      Defendants.
_____


## JURY INSTRUCTIONS

## <u>TABLE OF CONTENTS</u>

I. **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

II. **ROLE OF ATTORNEYS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

III. **NATURE OF EVIDENCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**
  **A.** **Evidence, Generally** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**
  **B.** **Direct and Circumstantial Evidence** . . . . . . . . . . . . . . . . . . . . . . . **5**

IV. **EVALUATION OF EVIDENCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
  **A.** **Credibility of Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
  **B.** **Improper Considerations: Race, Religion, National Origin,**
   **Sex, or Age** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
  **C.** **Corrections Officers as Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . **8**
  **D.** **Impeachment by Prior Inconsistent Statement or Conduct** . . . . **8**
  **E.** **Expert Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**
  **F.** **Conflicting Expert Testimony** . . . . . . . . . . . . . . . . . . . . . . . . . .**10**
  **G.** **All Available Evidence Need Not Be Produced** . . . . . . . . . . . . . **11**
  **H.** **Inferences** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
  **I.** **Presumption of Regularity** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

V. **BURDEN OF PROOF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
  **A.** **Overview** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
  **B.** **Preponderance of the Evidence** . . . . . . . . . . . . . . . . . . . . . . . . . **13**
  **C.** **Multiple Defendants** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**
  **D.** **The State of New York Is Not a Defendant** . . . . . . . . . . . . . . . . **14**

VI. **SUBSTANTIVE LAW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
  **A.** **42 U.S.C. § 1983 – The Statute** . . . . . . . . . . . . . . . . . . . . . . . . . **15**
  **B.** **Elements of a Section 1983 Claim, Generally** . . . . . . . . . . . . . . . **16**
  **C.** **Section 1983 Claim of a Violation of Plaintiff's Procedural**
   **Due Process Rights Under the Fourteenth Amendment** . . . . . . .**17**
  **D.** **Section 1983 Claim of Inadequate Conditions of Confinement**
   **Under the Eighth Amendment** . . . . . . . . . . . . . . . . . . . . . . . . . **20**
   **1.** **Whether Plaintiff Suffered a Deprivation that Was**
    **Sufficiently Serious** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**
   **2.** **Whether Defendants Were Deliberately Indifferent**

                to that Deprivation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

       3.      Whether Defendants' Deliberate Indifference
                Caused Harm to Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . 22

**VII.**   **DAMAGES ON PLAINTIFF'S CLAIM** . . . . . . . . . . . . . . . . . . . . . . . 23

     **A.**   **Multiple Defendants** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

     **B.**   **Compensatory Damages** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

     **C.**   **Nominal Damages** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

     **D.**   **Punitive Damages.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

**VIII.**  **CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## I.    INTRODUCTION

Now that you have heard all the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case.

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence.  Once you have determined the facts, you must follow the law as I state it, and apply the law to the facts as you find them.  You are not to consider one instruction alone as stating the law, but you are to consider the instructions as a whole.

You should not concern yourself with the wisdom of any rule of law.  You are bound to accept and apply the law as I give it to you, whether or not you agree with it.  In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice or sympathy towards any party.  This case should also be considered and decided by you as an action between persons of equal worth because, in our country, all persons stand equal before the law and are to be dealt with as equals in a court of justice.  Plaintiff and Defendants, as well as the general public, expect you to carefully and impartially consider all the evidence in this case, follow the law as stated by the Court, and reach a decision regardless of the consequences.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion may be.  It is not my function to determine the facts; that is your function.

1

## II.     ROLE OF ATTORNEYS

The function of attorneys is to call your attention to those facts that are most helpful to their side of the case.  What the attorneys say, however, is not binding on you, and, in the final analysis, your own recollection and interpretation of the evidence controls your decision.

Let me further elaborate on the role of attorneys.  Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties.  It is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that role, they have not only the right, but the obligation, to make objections to the introduction of evidence that they feel is improper.

The application of the rules of evidence is not always clear, and attorneys often disagree.  It has been my job as the judge to resolve these disputes.  It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.

Granted, one cannot help becoming involved with the personalities and styles of the attorneys.  However, it is important for you as jurors to recognize that, again, this is not a contest between attorneys.  As I said before, you are to decide this case based solely on the evidence.  Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their opening

and/or closing arguments helpful, take advantage of them; but keep in mind that it is your memory and your evaluation of the evidence in the case that counts.

Note that, in their opening and/or closing arguments, the attorneys have referred to some of the governing rules of law.  This is entirely proper.  However, of course, if any difference appears to you between the law as stated by the attorneys and that stated by the Court in these instructions, you are to be governed by the Court's instructions.

Finally, you must not infer from anything that I have said during this trial that I hold any views for or against either Plaintiff or Defendants.  In any event, any opinion that I might have is irrelevant to your decision.

## III.   NATURE OF EVIDENCE

### A.   Evidence, Generally

As I stated earlier, your duty is to determine the facts based on the evidence that I have admitted.  The term "evidence" includes (1) the sworn testimony of witnesses (both on direct examination and cross-examination), (2) the exhibits received into evidence (regardless of who may have produced them), and (3) any facts to which the attorneys have agreed or stipulated.

Regarding the first form of evidence (that is, sworn testimony), arguments and statements of attorneys, questions to witnesses, and material excluded by my

rulings, are not evidence.  For example, at times during the trial, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true; if the witness denied the truth of the statement, and if there is no evidence in the record providing that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.  Similarly, at times during the trial, I sustained objections to questions and either prevented a witness from answering or ordered an answer stricken from the record.  You may not draw inferences from unanswered questions and you may not consider any responses that I ordered stricken from the record.  Nor may you consider any sidebar conferences that were held.

Regarding the second form of evidence (that is, exhibits), exhibits that have been marked for identification but not received may NOT be considered by you as evidence.  Only those exhibits received may be considered as evidence.

Regarding the third form of evidence (that is, stipulations), the parties here have entered into certain stipulations of fact.  You should accept those stipulations as evidence and regard those facts as proved.

Please note that none of the three forms of evidence I just discussed include pleadings.  Pleadings are written statements of a party's claims filed usually at the start of a lawsuit.  Statements in pleadings are not evidence but simply set forth facts that the parties allege exist.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence. However, you are to base your verdict only on the evidence received in the case. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

### B.    Direct and Circumstantial Evidence

As I explained to you during my preliminary instructions at the start of the trial, the law recognizes two types of evidence–direct and circumstantial. Now that the trial is over, a more elaborate instruction on the subject is appropriate.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. I will give you an example other than the snow example I gave you during my preliminary instructions. Suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of

5

the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## IV.   EVALUATION OF EVIDENCE

### A.   Credibility of Witnesses

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

In evaluating a witness's testimony, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that the witness may have shown for or against any party, as well as the interest that the witness may have in the

outcome of the case.  You should also consider the following: (1) the opportunity the witness had to see, hear, and know the things about which he testified; (2) the accuracy of the witness's memory; (3) his candor or lack of candor; (4) the reasonableness and probability of the witness's testimony; (5) the testimony's consistency or lack of consistency; and (6) its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experience.

The existence or non-existence of a fact is not determined by the number of witnesses called.  Your concern is not with the quantity but the quality of the evidence.

## B.    Improper Considerations: Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

In reaching your decision as to whether Plaintiff has proven his claim, it would be improper for you to consider any personal feelings you may have about his race, religion, national origin, sex or age.  It would also be improper for you to consider

7

any personal feelings you may have about each Defendants' race, religion, national origin, sex, or age.  To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### C.      Corrections Employees as Witnesses

You have heard the testimony of corrections employees.  The fact that a witness may be employed by a government department of corrections does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for Plaintiff's counsel to try to attack the credibility of a corrections employee witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a corrections officer or corrections official witness and to give to that testimony whatever weight, if any, you find it deserves.

### D.      Impeachment by Prior Inconsistent Statement or Conduct

You have heard evidence that at some earlier time a witness had said or done something that an attorney argues is inconsistent with the witness's trial testimony.

8

Evidence of a prior inconsistent statement or conduct is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement or conduct was placed before you for the more-limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness said or did something (or failed to do something) on an earlier occasion that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider the following: (1) whether the witness purposely made a false statement or whether it was an innocent mistake; (2) whether the inconsistency concerns an important fact, or whether it had to do with a minor detail; (3) whether the witness had an explanation for the inconsistency; and (4) whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement or conduct was inconsistent, and if so, how much, if any, weight should be given to the inconsistency in determining whether to believe all or part of the witness's testimony.

### E.    Expert Witnesses

In this case, I have permitted certain expert witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience,

and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### F.    Conflicting Expert Testimony

You have heard testimony from expert witnesses who were called by each side to give their opinions about issues involved in Plaintiff's claims, in order to assist you in reaching a decision on those issues.  Some of the testimony of these witnesses is in conflict, as the witnesses disagree. You must remember that you are the sole trier of the facts and that their testimony related to a question of fact; so, it is your job to resolve that disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe

ordinary witnesses. In addition, because these expert witnesses gave their opinions, you should consider the soundness of each opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. However, as discussed previously, you should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

### G.     All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.  As I instructed you earlier, your concern is not with the quantity of the evidence, but its quality.

### H.     Inferences

As I have stated before, you are to consider only the evidence in the case. However, you are not limited to the facts that you find have been proven. You may draw, from those facts, such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## I.     Presumption of Regularity

Unless outweighed by evidence to the contrary, you may find that an official duty has been regularly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

## V.     BURDEN OF PROOF

### A.     Overview

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

Plaintiff has the burden of proving each and every element of his claims by a preponderance of the evidence.  Therefore, if you find that any one of the elements of Plaintiff's claim has not been proven by a preponderance of the evidence, you must return a verdict for Defendants for that claim.

## B.     Preponderance of the Evidence

What does "a preponderance of the evidence" mean?

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  Again, it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties–that it is equally probable that one side is right as it is that the other side is right–then you must decide that issue against the party having the burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence–he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however

13

slightly, in favor of the party with the burden of proof–that what the party claims is more likely true than not true–then that element will have been proved by a preponderance of the evidence.

### C.    Multiple Defendants

Although there are multiple Defendants in this action, it does not follow from that fact alone that if one is liable the others are liable as well.  Each Defendant is entitled to a fair consideration of his own defense, and a Defendant may not be prejudiced by the fact, if it should become a fact, that you find against another Defendant.  Unless otherwise stated, all instructions given to you govern the case as to each Defendant.

### D.    The State of New York Is Not a Defendant

Neither the State of New York nor the New York State Department of Corrections and Community Supervision are Defendants in this case.  Rather, this is a suit against Defendants in their individual capacities only.

In reaching your verdict, you are only to consider the potential liability of each Defendant, solely on the basis of the evidence that has been presented in this case.

## VI.   SUBSTANTIVE LAW

As I explained in my preliminary instructions, in this case, Plaintiff asserts two

claims.  As to his first claim, Plaintiff claims that Defendants violated his right to due process under the Fourteenth Amendment of the United States Constitution by failing to review his retention in Administrative Segregation in a way that was meaningful.  As to his second claim, Plaintiff claims that Defendants violated his right against cruel and unusual punishment under the Eighth Amendment of the United States Constitution by keeping him in Administrative Segregation because, in doing so, they were deliberately indifferent to the risk of harm to his health that such prolonged confinement in the restrictive conditions of Administrative Segregation could have.

As has been mentioned throughout the trial, the time period for which you are to make a determination on liability for Plaintiff's claims is limited.  You are instructed that the relevant time period is from January 31, 2014, to July 22, 2019. You may consider evidence of events occurring before January 31, 2014, as background evidence for your understanding of events that occurred during the relevant time period; however, you may not consider that evidence as itself creating liability.

I will now instruct you on the law for Plaintiff's two claims.

### A.    42 U.S.C. § 1983 – The Statute

The law to be applied in this case is a federal civil rights law that provides a remedy for individuals who have been deprived of their federal statutory or constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code, the statute upon which
Plaintiff relies for his claims, provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, [or]
> regulation . . . of any State . . . , subjects or causes to be subjected,
> any citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law . . . .

I will refer to this statute simply as "Section 1983."

Section 1983 does not create any substantive right in and of itself, but rather
serves as the statutory vehicle by which individuals can seek redress in this Court
for alleged violations of federal statutory or constitutional rights.

## B.      Elements of a Section 1983 Claim, Generally

Generally, to establish a claim under Section 1983, a plaintiff must establish, by a
preponderance of the evidence, each of the following three elements:

(1)      that the acts complained of were committed by a defendant while he
was acting under color of state law;

(2)      that the defendant's conduct deprived the plaintiff of a federal right,

that is, a right secured by the United States Constitution or a federal statute; and

(3)      that the defendant's conduct caused an injury to the plaintiff.

With regard to the first requirement, the parties in this case do not dispute that Defendants–who were corrections officers or corrections officials during the relevant times–were acting "under color of state law."  Therefore, you need not concern yourself with this requirement of Plaintiff's claim.

With regard to the second and third requirements, those requirements are embodied in the elements of each of Plaintiff's specific claims in this action, which I will explain in greater detail in a moment.

But for now please note that, if you find that the Defendants violated some facility rule or policy, or some state regulation, the mere failure to follow such a facility rule or policy or state regulation is not itself sufficient to establish a violation of Plaintiff's constitutional rights.

I will now instruct you on the legal standards for the specific federal rights of which Plaintiff claims he was deprived by Defendants.

## C.      Section 1983 Claim of a Violation of Plaintiff's Procedural Due Process Rights Under the Fourteenth Amendment

17

The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects persons from the deprivation of life, liberty, or property without due process of law, that is notice and an opportunity to be heard.  Thus, to show a deprivation under the Due Process Clause, Plaintiff must demonstrate two elements: (1) that Defendants deprived him of a cognizable interest in life, liberty, or property, and (2) that Defendants did so without affording him constitutionally sufficient process.  In this case, I instruct you that the first element of this test is met because the length of Plaintiff's confinement in Administrative Segregation gives rise to a cognizable liberty interest, of which Plaintiff was deprived.  As a result, the only issue before you is whether the process afforded to Plaintiff when making that deprivation was constitutionally sufficient.

In order to determine whether Plaintiff was afforded constitutionally sufficient process, you must determine whether Defendants conducted meaningful reviews of Plaintiff's Administrative Segregation status.  In determining whether the reviews Defendants conducted were meaningful, you must consider the following three things.

First, you must consider whether Defendants, as the officials who reviewed Plaintiff's Administrative Segregation status, actually evaluated if Plaintiff's continued Administrative Segregation status was justified.  Defendants must have done more than simply "go through the motions" of conducting a review, but rather must have formulated a decision based on what the evidence showed.  In other words, a review in which Defendants have a pre-ordained conclusion in mind that will not change no matter what evidence is before them is insufficient to

18

provide meaningful review.

Second, you must consider whether Defendants, as the officials who reviewed Plaintiff's Administrative Segregation status, evaluated if the justification for the confinement in Administrative Segregation existed at the time of the review, or would exist in the future, and whether they considered new relevant evidence as it became available.  For a review to be constitutionally sufficient, it must take into account prison conditions and inmate behavior as those factors change over time. Defendants are required to have assessed whether Plaintiff remained a security risk as of the date of each review.  However, keep in mind that this requirement to assess changing conditions and behavior over time does not bar Defendants from affording significant weight to events that occurred in the past, and does not require that Defendants find recent events to be categorically more important to the review than past events.  Rather, Defendants must have considered new events to a sufficient degree to ensure that they are not using or considering past events *alone* to justify an indefinite confinement.

Third, and finally, you must consider whether Defendants, as the officials who reviewed Plaintiff's Administrative Segregation status, had institutional safety and security (or another valid administrative justification) as their guiding principle for their decision to keep Plaintiff in Administrative Segregation.  In other words, you should consider whether the evidence before you shows that Defendants' decisions to keep Plaintiff in Administrative Segregation were guided by the purpose of maintaining safety and security (or another valid purpose) rather than the improper purpose of imposing an indefinite punishment for past occurrences.

19

Importantly, when considering whether the reviews were meaningful, you are not to review the substance of Defendants' decision to confine, or continue to confine, Plaintiff in Administrative Segregation, but rather you must evaluate whether Defendants' *method* for coming to their Administrative Segregation determinations was sufficient.  In other words, you are not determining whether Defendants' determinations to keep Plaintiff in Administrative Segregation were correct, but rather whether Defendants provided the appropriate process and consideration when making those determinations.

**D.   Section 1983 Claim of Inadequate Conditions of Confinement Under the Eighth Amendment**

The Eighth Amendment prohibition on cruel and unusual punishment includes situations where a plaintiff claims that the conditions of his or her confinement in a correctional facility are constitutionally inadequate. Generally, to prevail on Section 1983 claim for inadequate conditions-of-confinement under the Eighth Amendment, a plaintiff must prove the following three elements by the preponderance of the evidence: (1) he or she suffered a deprivation that was, from an objective standpoint, sufficiently serious; (2) the defendant acted with deliberate indifference to the deprivation suffered by the plaintiff; and (3) the defendant's deliberate indifference to the deprivation suffered by the plaintiff caused the plaintiff to suffer harm.

**1.   Whether Plaintiff Suffered a Deprivation that Was Sufficiently Serious**

20

With regard to the first element, generally, a deprivation is sufficiently serious if, from an objective standpoint, it denies an inmate the minimal civilized measure of life's necessities, so that it presents the inmate with a substantial risk of serious harm to his or her health or safety. This includes basic human needs such as food, warmth, clothing, exercise, shelter, medical care, and safe and sanitary living conditions.

In this case, Plaintiff claims that he was deprived of his right to be free from cruel and unusual punishment under the Eighth Amendment as a result of Defendants' decisions to keep him in Administrative Segregation. In considering whether any deprivation as a result of being in Administrative Segregation was sufficiently serious, you should consider both the conditions of the confinement themselves and the duration of the confinement in those conditions.

### 2.     Whether Defendants Were Deliberately Indifferent to that Deprivation

If you conclude that Plaintiff has proven the first element of this claim, then you must consider whether he has proved the second element, which requires him to prove that Defendants acted with deliberate indifference to the deprivation suffered by him. Deliberate indifference describes a state of mind more blameworthy than carelessness or negligence. Rather, deliberate indifference is a state of mind akin to criminal recklessness.

To show such recklessness, Plaintiff must prove two things by a preponderance of

the evidence.  First, Plaintiff must prove that Defendants were aware of, or could have reasonably inferred, that he was subjected to a substantial risk of serious harm to his health or safety due to the deprivation in question.  Second, Plaintiff must prove that Defendants consciously disregarded that risk.  In other words, Defendants must both have been aware of the facts from which the inference could be drawn that Plaintiff was suffering the deprivation in question, and Defendants must also have drawn that inference (or come to that conclusion).

Having said that, Plaintiff need not prove that, when Defendants acted or failed to act, they actually believed that harm would befall Plaintiff. Nor does Plaintiff need to prove that Defendants expressly intended to inflict unnecessary pain on Plaintiff. It is sufficient if Plaintiff proves that Defendants failed to act reasonably despite knowing, or having reason to know, that Plaintiff was suffering the deprivation in question.

Deliberate indifference to a plaintiff's health or safety may be inferred from the fact that the risk of harm involved is obvious.  Additionally, if, based on the evidence presented to you, you are unable to infer a legitimate law enforcement or penological purpose for Defendants' conduct (that is, keeping Plaintiff in Administrative Segregation), you may find that Defendants' conduct constitutes circumstantial evidence of a culpable state of mind.

### 3.   Whether Defendants' Deliberate Indifference Caused Harm to Plaintiff

22

If you conclude that Plaintiff has proven the first and second elements of this claim, then you must consider whether Plaintiff has proved the third element, which requires him to prove that Defendants' deliberate indifference to the deprivation suffered by Plaintiff caused Plaintiff to suffer harm.

When I use the term "cause," I am referring to "proximate cause." A "proximate cause" is an act or omission that, in a natural course, produces injury and without this act or omission the harm would not have occurred. As a result, for Plaintiff prevail on this claim against Defendants, Plaintiff must first show by a preponderance of the evidence that he would not have suffered the harm in question were it not for Defendants' deliberate indifference.

Finally, in considering this claim, please keep in mind that the law requires that a defendant must have been "personally involved" in the violation of a plaintiff's constitutional rights before he or she may be held liable for that violation. Therefore, you must determine whether Defendants were personally involved in the commission of the constitutional deprivation. If you find that they were not personally involved in the constitutional deprivation, then  you must find them not liable on this claim under Section 1983.

## VII.   DAMAGES ON PLAINTIFF'S CLAIMS

If Plaintiff has proven by a preponderance of the evidence that Defendants are liable on Plaintiff's claims, then you must determine the damages to which Plaintiff is entitled.  However, you should not infer that Plaintiff is entitled to

recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

### A.     Multiple Defendants

Although there are six Defendants in this case, you must be careful to impose any damages you award on a claim solely upon the Defendant or Defendants who you find to be liable on that claim.  It does not follow that, if one Defendant is liable, all or any of the other Defendants are liable as well. Each Defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other Defendants. If you find that only one Defendant is responsible for a particular injury, then you must impose damages for that injury only upon that Defendant.

Nevertheless, you might find that more than one Defendant is liable for a particular injury. If two or more Defendants unite in an intentional act that violates another person's rights, then all of those Defendants are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular Defendant that you find liable.  Thus, if you find that the Defendants who you find to be liable acted jointly, then you may treat them jointly for the purposes of deciding damages. If you decide that two or more of the Defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without

breaking that figure down into individual percentages.

### B.    Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that resulted Defendants' alleged violation of Plaintiff's constitutional rights.  Generally, if you find that a defendant is liable with respect to a plaintiff's claim, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the conduct of the defendant.  This is what we call "compensatory damages" or "actual damages."

An injury is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury, and that the injury was either a direct result or a reasonably probable consequence of the act or omission.

However, because of a federal statute called the Prison Litigation Reform Act, for Plaintiff to recover for any pain and suffering caused by Defendants, Plaintiff must prove by a preponderance of the evidence that he also suffered a physical injury. What this means is that, if Plaintiff has not proved by a preponderance of the evidence that he suffered a physical injury, then you may not award him damages to compensate him for any claimed pain and suffering.  Generally, physical manifestations of mental or emotional injuries (such as anxiety, depression, stress, nausea, hyperventilation, headaches, insomnia, dizziness, appetite loss and weight loss) are not "physical injuries" for purposes of the Prison Litigation Reform Act.

The physical injury must be more than minor, but need not be significant.

However, keep in mind that, in this case, Plaintiff seeks compensatory damages not merely for physical, mental, or emotional injuries, but also for the loss of his liberty as a result of being confined in Administrative Segregation.  You are instructed that a loss of liberty is an independent basis for entitlement to compensatory damages separate and apart from any physical, mental, or emotional injury.

Finally, in determining the *amount* of any compensatory damages to be awarded, no evidence of the monetary value of such intangible things as pain, suffering, or loss of liberty needs to be introduced into evidence.  This is because no exact standard exists for fixing the compensation to be awarded for these intangible things.  The compensatory damages that you award must be fair compensation–no more and no less.  However, compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

### C.    Nominal Damages

If you return a verdict for Plaintiff, but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar ($1.00).

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that constitutional right, even when no actual damages flow from the deprivation. Therefore, if you find that Plaintiff has suffered no actual damages a result of Defendants' conduct despite the fact that Defendants committed a constitutional deprivation, you must award Plaintiff nominal damages not to exceed one dollar.

### D. Punitive Damages

If you find that Plaintiff's constitutional rights were violated and award damages, you may also consider whether he is entitled to an award of punitive damages. You may consider the issue of punitive damages whether or not you award Plaintiff any compensatory damages on his constitutional claim.

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing similar acts in the future.

I must emphasize, however, that at this stage of the proceedings, you are only to consider *whether or not* Plaintiff is entitled to such an award of punitive damages. If you determine that Plaintiff is entitled to such an award, a separate hearing will be held at which you will hear evidence relevant to the proper amount of such damages. While many of the same considerations apply to a determination of the

amount of a punitive damages award, the Court will have specific instructions for you regarding this determination, should it become necessary.  At this point, you are not to consider the amount of punitive damages, if any, you believe that Plaintiff is entitled to receive.

You may conclude that Plaintiff is entitled to punitive damages if you find that Defendants' acts or omissions were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  In order to justify an award of punitive damages, Plaintiff has the burden of proving, by a preponderance of the evidence, that Defendants acted maliciously or wantonly with regard to his rights.  You may assess punitive damages against Defendants or you may refuse to impose punitive damages.

## VIII.        CONCLUSION

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a Foreperson.  The Foreperson's responsibility is to ensure that deliberations proceed in an orderly manner.  This DOES NOT mean that the Foreperson's vote is entitled to any greater weight than the vote of any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence.

28

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

When you are in the jury room, listen to each other, and discuss the evidence and issues.  It is the duty of each of you, as jurors, to consult with each other.  You must deliberate with a view to reaching an agreement, but only if you can do so without violating your individual judgment and conscience.  Do not surrender your honest convictions just for the purpose of returning a verdict.  On the other hand, do not hesitate to re-examine your views.  Remember you are not partisans. You are the judges–judges of the facts.  Your duty is to seek the truth from the evidence presented.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, it is your privilege to return to the courtroom to have the testimony read to you or my instructions further explained.  I caution you, however, that the read-back of testimony may take some time and effort.  You should, therefore, make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing.  The foreperson should sign the note and pass it to the Marshal who will bring it to my attention.  I will then respond, either in writing or orally, by having you returned to the courtroom.  In

any communications with the Court, you should never state your numerical division.

Once you have reached a unanimous verdict, your foreperson should fill in the Verdict Form, date and sign it, and inform the marshal that a verdict has been reached.  A Verdict Form has been prepared for each of you.  I will now review it with you before you retire to the jury room.