

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448-1100
FAX (212) 448–0066
www.mclaughlinstern.com

TRACY A. BURNETT
Partner
(212) 448-1100 x. 1246
tburnett@mclaughlinstern.com

February 20, 2024

**BY ECF**

Honorable Elizabeth A. Wolford, U.S.D.J.
Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614

    Re:    *Smith v. Annucci, et al.*, 18-cv-6261

Dear Chief Judge Wolford:

    We write on behalf of Plaintiff Lemuel Smith further to the Pretrial Conference on February 12, 2014, and in response to Defendants' February 16, 2024 letter to the Court, regarding the legal authority for loss of liberty damages for Eighth Amendment violations.

    Despite Defendants' forceful denial of the existence of legal authority that would support the award of loss of liberty damages under the Eighth Amendment, in fact a court in the Western District of New York has awarded a plaintiff loss of liberty compensatory damages for violations of the plaintiff's Eighth Amendment rights. *Vincent v. Yelich*, 486 F.Supp.3d 650 (W.D.N.Y. 2020). In *Vincent v. Yelich,* the plaintiff was incarcerated for 1,051 days for violating the terms of unconstitutionally, administratively-imposed post release supervision. *Id.* at 652-53. Plaintiff sought compensatory damages for excessive and prolonged punishment that was not imposed by a judge in violation of his Eighth Amendment and Fourteenth Amendment rights. *See Vincent v. Yelich*, No. 6:08-cv-06570-DGL, Dkt. No. 1, at 2-3 (W.D.N.Y. Dec. 17, 2008). The court held that Defendant Anthony Annucci violated Mr. Vincent's Eighth and Fourteenth Amendment rights as a result of his personal involvement in creating the policies concerning the imposition of and enforcement of administratively-imposed post release supervision, and awarded compensatory damages. *See Vincent v. Yelich*, 486 F.Supp.3d at 656-657. Nothing in the court's decision awarding compensatory damages for loss of liberty damages indicates that the court only awarded loss of liberty damages for the Fourteenth Amendment violation. *See id*. Rather, by virtue of the fact that the court held that the plaintiff's rights under both constitutional amendments were violated and that compensatory damages related to loss of liberty should be awarded as a result, it logically follows that the damages awarded were to compensate plaintiff for violation of his constitutional rights under the Fourteenth *and* Eighth Amendments.



Hon. Elizabeth A. Wolford
February 20, 2024
Page 2

The court's decision in *Vincent v. Yelich* is also notable because it supports the proposition that loss of liberty damages may be awarded without alleging a physical injury. There are a number of circuits that recognize that prisoner plaintiff claims for deprivation of a liberty interest are not subject to the PLRA's limitation on compensatory damages. *See Wilcox v. Brown*, 877 F.3d 161, 169-170 (4th Cir. 2017); *Aref v. Lynch*, 833 F.3d 242, 267 (D.C. Cir. 2016); *King v. Zamiara*, 788 F.3d 207, 212-213 (6th Cir. 2015); *Mitchell v. Horn*, 318 F.3d 523, 534 n.10 (3rd Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 781-82 (7th Cir. 1999); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). Under the case law, constitutional injuries do not require a physical injury in order for the plaintiff to recover compensatory damages because section 1997(e) of the PLRA only requires a prior showing of physical injury when a prisoner brings a civil action to recover "for mental or emotional injury suffered while in custody" and a constitutional injury is not a "mental or emotion injury." *See e.g., Aref*, 833 F.3d at 264-65. The court in *Vincent v. Yelich* similarly stated that damages for loss of liberty were separate from those associated with pain, physical injury, and mental suffering. *Vincent*, 486 F.Supp.3d at 656 ("Damages intended to compensate for a period of imprisonment are generally comprised of two types: those associated with pain, physical injury, mental suffering etc., and those related to the loss of liberty."). Moreover, the *Vincent* court held that the plaintiff was entitled to a compensatory damage award for loss of liberty even though plaintiff made no claim for physical injuries resulting from his incarceration. *See id.*

While the Second Circuit has not addressed the issue of whether liberty interests are subject to PLRA's limitation on compensatory damages[1], a number of district court cases within the circuit, in addition to *Vincent v. Yelich*, have similarly held that prisoner plaintiffs may recover compensatory damages solely for loss of liberty or other constitutional injuries, as distinguished from emotional or mental suffering, without demonstrating a physical injury. *See e.g., Jones v. Annucci*, No.16-cv-3516 (KMK), 2018 U.S. LEXIS 24359, at 8 (S.D.N.Y. Feb. 14, 2018); *Valdez v. City of New York*, 11 Civ. 05194 (PAC) (DF), 2013 U.S. Dist. LEXIS 188044, at *21–22 (S.D.N.Y. Sept. 3, 2013), report and recommendation adopted, 2014 U.S. Dist. LEXIS 82508 (S.D.N.Y. June 16, 2014); *Rosado v. Herard*, 12 Civ. 8943 (PGG) (FM), 2014 U.S. Dist. LEXIS 40172, at *13 (S.D.N.Y. Mar 25, 2014); *Mendez v. Amato*, 9:12-CV-560)TJM/CFH), 2013 U.S. Dist. LEXIS 132346, at *20 (N.D.N.Y. Sept. 17, 2013); *Lipton v. County of Orange*, 315 F. Supp. 2d 434, 457 (S.D.N.Y. 2004).

---

[1] In an unpublished decision, the Second Circuit seemed to adopt the view that constitutional violations are not subject to PLRA's compensatory damages limitation requiring physical injury. *Toliver v. City of New York*, 530 F.App'x 90, 93 n.2 (2d Cir. 2013)("even if [the plaintiff] is unable to establish that any of the injuries complained of in this action stemmed from an incident in which he suffered physical injuries, [he] may still recover damages for injuries to his First Amendment rights.").



Hon. Elizabeth A. Wolford
February 20, 2024
Page 3

In light of the foregoing case law, we respectfully submit that there is ample legal authority within the Second Circuit to support loss of liberty damages to compensate for an Eighth Amendment violation without a demonstration of physical injury.

We thank the Court in advance for its time and consideration of this submission.

Respectfully submitted,

*/s/ Tracy A. Burnett*

Tracy A. Burnett

cc:     Hillel Deutsch, Esq. (Counsel for Defendants, via ECF)