# MᴄLᴀᴜɢʜʟɪɴ & Sᴛᴇʀɴ, ʟʟᴘ
### Fᴏᴜɴᴅᴇᴅ 1898

Tʀᴀᴄʏ A. Bᴜʀɴᴇᴛᴛ
Partner
tburnett@mclaughlinstern.com
Direct: (212) 448-1100 ext. 1246

260 Mᴀᴅɪsᴏɴ Aᴠᴇɴᴜᴇ
Nᴇᴡ Yᴏʀᴋ, Nᴇᴡ Yᴏʀᴋ 10016
(212) 448–1100
FAX (212) 448-0066
www.mclaughlinstern.com

Gʀᴇᴀᴛ Nᴇᴄᴋ, Nᴇᴡ Yᴏʀᴋ
Mɪʟʟʙʀᴏᴏᴋ, Nᴇᴡ Yᴏʀᴋ
Wᴇsᴛᴘᴏʀᴛ, Cᴏɴɴᴇᴄᴛɪᴄᴜᴛ
Wᴇsᴛ Pᴀʟᴍ Bᴇᴀᴄʜ, Fʟᴏʀɪᴅᴀ
Nᴀᴘʟᴇs, Fʟᴏʀɪᴅᴀ

February 22, 2024

Via ECF
Honorable Elizabeth A. Wolford, U.S.D.J.
Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614

Re:     *Lemuel Smith v. Commissioner Annucci, et al., 18-cv-6261*

Dear Chief Judge Wolford:

We write on behalf of Plaintiff Lemuel Smith regarding the Parties disagreements concerning a Stipulation of Facts.

The Parties have not been able to come to an agreement on the form by which to inform the Court of the Parties disagreement. So as to avoid any further delay in complying with the Court's Order of February 12, 2024, we write separately to provide Plaintiff's position.

The Parties agreed to stipulate to what is stated in Mr. Smith's Administrative Segregation reviews regarding his criminal history. The Parties have differing views regarding the existence of any other undisputed facts.

Plaintiff objects to the recitation of the alleged details of Mr. Smith's criminal history – based on prior New York State appellate court opinions – proposed by Defendants in their statement of undisputed facts. Defendants seek to have certain factual allegations stated in prior cases admitted for their truth in this court. The allegations recounted in those New York State court opinions are not judicial findings of facts. Nor are those facts relevant here because they were not part of the panoply of documents and statements supposedly considered by Defendants when reviewing Plaintiff's Administrative Segregation status. Moreover, certain of the facts proposed by Defendants are not supported by the court opinions cited by Defendants. In addition, despite Defendants' assertion that factual allegations stated in prior cases cannot be disputed in this court, it is well settled in the Second Circuit that facts adjudicated in a prior case are not admissible in a different case for the truth of the matters asserted and are an improper subject for judicial notice. *See e.g., Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70-71

McLaughlin & Stern, LLP

Hon. Elizabeth A. Wolford
February 22, 2024
Page 2

(2d Cir. 1998) (citing *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384 (2d Cir. 1992)).

Plaintiff has proposed stipulating to: (*i*) the dates that the Department of Correction and Community Supervision (DOCCS) conducted reviews of Mr. Smith's Administrative Segregation status; and (*ii*) a publicly available quote from then-DOCS Commissioner Glenn Goord contained in a publication issued by the DOCCS Office of Public Information in July 1998: "Lemuel Smith will remain locked up [in AdSeg] for as long as I am Commissioner."

With respect to the dates of the Administrative Segregation reviews, Defendants will only agree to stipulate that there is no record of reviews for other dates. Defendants, *for the very first time*, have raised the possibility that there were reviews for which documentary evidence was not preserved.  The fact that there may be reviews for which there is no documentary evidence is not undisputed because there is no evidence in the case record that there are any missing documents related to Plaintiff's Administrative Segregation reviews.[1] In the absence of evidence that there is missing documentary evidence, any spoilation defense by Defendants would be improper. *See Farella v. City of New York*, No. 05 Civ. 5711 (NRB), 2007 U.S. Dist. LEXIS 7420, at *5-*7 (S.D.N.Y. Jan. 24, 2007) (holding that it is a necessary condition that a party claiming spoilation must demonstrate, by a preponderance of the evidence, is that the sought after evidence actually existed and was destroyed). Defendants also object to the relevance of any reviews preceding March 2015. However, this Court has found that Plaintiff's Eighth Amendment claims state a continuing violation and, therefore, those claims regarding his continued confinement in Administrative Segregation are not time-barred with respect to events that precede March 2015.

Defendants object to including the statement in the DOCCS publication in a stipulation of undisputed facts because they argue the statement is irrelevant. However, the fact that the statement attributed to Commissioner Goord was published by the DOCCS Office of Public Information in July 1998 is relevant both to the issue of whether Mr. Smith's isolation in Administrative Segregation was being imposed for an illegitimate purpose and whether Defendants were on notice, and deliberately indifferent to, that fact. Therefore, the statement is directly relevant to Plaintiff's Eighth Amendment claim.

Finally, Defendants also object to including the statement in a stipulation of facts on admissibility grounds. Defendants have misunderstood the fact Plaintiff is asserting is undisputed. Plaintiff is not offering the statement as an undisputed fact for the truth of what is being asserted in the quotation (it is indeed irrelevant whether Plaintiff remained in Administrative Segregation while Glenn Goord was commissioner), rather it is an undisputed fact that the statement was published by the DOCCS Office of Public Information in July 1998. *See United States v. Buck*,

---

[1] Under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants would have had an obligation to produce in discovery any evidence to support a defense that there were Administrative Segregation reviews for which records may not exist. Defendants did not do that.

**McLaughlin & Stern, LLP**

Hon. Elizabeth A. Wolford
February 22, 2024
Page 3


No. 13 Cr. 282 (JSR), 2017 U.S. Dist. LEXIS 190119, at *5 (S.D.N.Y. Oct. 30, 2017) (holding that newspaper articles not being offered for the truth of the statements made therein are admissible as non-hearsay evidence). Because the statement is not being offered as an undisputed fact of the truth of what is being asserted, it is not inadmissible hearsay. *See id.*; *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.")[2]


Respectfully submitted,

/s/ Tracy A. Burnett
Tracy A. Burnett

---

[2] It is also worth noting that courts may take judicial notice of articles and other publications found on the Internet. *See e.g., Baez v. Rathbun*, No. 16-cv-6552L, at *7 n. 2 (W.D.N.Y. July 23, 2018) (citations omitted); *Ceglia v. Zuckerberg*, No. 10-cv-00569A(F), 2012 U.S. Dist. LEXIS 18438, at *34 n. 10 (W.D.N.Y. Feb. 14, 2012) (citations omitted).