UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEMUEL SMITH

        Plaintiff,                           **STIPULATION OF DISCONTINUANCE
                                                 AND SETTLEMENT ORDER**

-vs-

COMMISSIONER ANNUCCI , ET AL.,         18-CV-6261

        Defendants.

---

**WHEREAS**, the plaintiff, LEMUEL SMITH ("Plaintiff"), commenced the above-referenced action ("Action") alleging that the defendants Anthony J. Annucci, James O'Gorman and Joseph Bellnier ("Defendants") violated his rights while in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), and

**WHEREAS**, Plaintiff sought compensatory and punitive damages, and Defendants having answered the complaint, and the parties having participated in various discovery proceedings, and

**WHEREAS**, Plaintiff, by his attorney, JONATHAN JEREMIAS, Esq., and Defendants, by their attorney, Letitia James, Attorney General of the State of New York, HILLEL DEUTSCH Assistant Attorney General, of counsel, having been desirous to resolve the Action and discontinue the litigation, having negotiated in good faith for that purpose, and having stipulated and agreed to a settlement of all issues raised, and

**WHEREAS**, the parties have further agreed to resolve any claims, known or unknown, from the beginning of the world to the date of this Stipulation, which relate to the subject matter of this Action;

**WHEREAS**, Defendants do not admit any wrongdoing but approve settlement for the convenience of all interested parties; and

**WHEREAS**, none of the parties in the Action is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this action,

        **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as follows:

1.       The parties hereby agree that the Action is dismissed and discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, pursuant to the following terms:

{N0696295.1}

(a)     Plaintiff shall be paid a total sum of Five Thousand Dollars ($5,000.00) in a check drawn to the order of: McLaughlin & Stern, LLP as Attorneys for Lemuel Smith, and mailed to Plaintiff's attorney at: McLaughlin & Stern, LLP, c/o Jonathan R. Jeremias, 260 Madison Ave, New York, NY 10016. Plaintiff's counsel shall be paid a total sum of Five Thousand Dollars ($5,000.00) in a check drawn to the order of McLaughlin & Stern, LLP, and mailed to Jonathan R. Jeremias, 260 Madison Ave, New York, NY 10016. As part of this settlement and order, Plaintiff will be provided with a wheelchair by the New York State Department of Corrections and Community Supervision (DOCCS). Within thirty (30) days of the entry of this Stipulation and Order, Plaintiff will be examined by a Physical Therapist to determine the type of wheelchair that is appropriate. Within thirty (30) days of the Physical Therapist's determination, the appropriate wheelchair shall be ordered for Plaintiff. A temporary stock wheelchair will be provided to the Plaintiff if the ordered wheelchair is not received within thirty (30) days after the Physical Therapist renders their determination. Said considerations are in full satisfaction and resolution of any and all of the claims for relief, including costs, damages, disbursements, and attorney fees, and any other fees in this Court, any other court, and administrative agency, which are the subject of the Action, and claims for relief that otherwise arise out of any of the incidents and events alleged in the complaint and any subsequent amended complaint, including any state and federal administrative proceeding(s) arising from claims made by Plaintiff in connection with his interaction(s) with Defendants.

(b)     That Plaintiff hereby releases, exonerates and discharges each of the Defendants, and any and all current or former employees, officers, and/or representatives of the State of New York, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators, and assigns, and the State of New York and DOCCS (the "Released Parties"), from any and all claims, known or unknown, whether presently asserted or not, including but not limited to state, federal or administrative claims, liabilities, and causes of actions, all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Plaintiff ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, from the beginning of the world to the date of this Stipulation including, without limitation all claims related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint and all related filings and proceedings in the Action, Smith v. Annucci, et al., 18-CV-6261 (WDNY). This release includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments, employees, and officials in the New York Court of Claims, and any other forum, related to and arising from any of the transactions, acts, omissions, and occurrences up to and including the date of this Agreement.

{N0696295.1}                                    2

(c) That nothing contained in this Stipulation shall constitute an admission or concession of liability by Defendants, the State of New York, and/or DOCCS regarding any of the allegations by Plaintiff made in connection with this case, including but not limited to the claims, causes of action and allegations set forth in the complaint and any subsequent amended complaint; nor shall anything contained in this Stipulation constitute an admission by any Defendant in this action that any act or omission by Defendants or any of their agents, officers or employees (current or former), individually or in their official capacity, deprived Plaintiff of any right under the Constitution, statutes, rules, regulations or other laws of the United States or the State of New York; nor shall anything contained in this Stipulation constitute an admission by any Defendant in this Action of any alleged failure to perform any duty under the Constitution, statutes, rules, regulations or other laws of the United States or the State of New York.

2. This Stipulation shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation.

3. The terms of this Stipulation shall bind Plaintiff and Defendants and their successors in office, agents, servants and employees, and those persons in action, concert, or participation with them who receive actual notice of this judgment by personal service or otherwise.

4. Payment of the settlement amount set forth in paragraph (1)(a) above is subject to the approval, audit, and warrant of all appropriate New York State officials, including the Comptroller, and in accordance with the provisions of New York Public Officers' Law §17.

5. Payment of the amounts recited in paragraph (1)(a) herein above should be made within one hundred twenty (120) days after the execution of this Stipulation by the Court and receipt of a copy of same by Defendants' counsel, unless Chapter 62 of the Laws of 2001 apply and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event the payment period shall be extended by thirty (30) days to allow for compliance with that law. In the event that the aforesaid payment is not made within that time period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. §1961 beginning on the one hundred twenty-first (61) day after receipt by Defendants' counsel of a copy of the fully executed Stipulation.

6. Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

7. Plaintiff agrees that the Defendants shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that Plaintiff agrees that he will defend, indemnify and hold harmless the Defendants, the Department of

{N0696295.1}   3

Corrections and Community Supervision, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

8.  The term "Stipulation" used alone in this document shall mean this Stipulation of Discontinuance and Settlement Agreement.

9.  This Stipulation may be executed by facsimile or electronic signature.

10. This Stipulation embodies the entire agreement of the parties in the Action.

Dated: March 15, 2024

*Jonathan Jeremias*
JONATHAN JEREMIAS, ESQ.
*Attorney for Plaintiff*

Dated: March 20, 2024

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

Assistant Attorney General, Of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Hillel.Dutch@ag.ny.gov

**IT IS SO ORDERED,**

Dated: March 20, 2024
Rochester, New York

HON. ELIZABETH WOLFORD
United States Chief District Court Judge

{N0696295.1}                    4